**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MARK NEWTON, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| DISNEY-ABC TELEVISION GROUP, et al, | : |
| | : |
| Defendants. | : |
| | : |

Civil Action No. 15-3318 (SRC)

**OPINION**

**CHESLER**, District Judge

Pro se Plaintiff Mark Newton ("Plaintiff" or "Mr. Newton") submitted a Complaint to this Court on May 12, 2015, together with an application to file the Complaint without the prepayment of fees and to proceed in forma pauperis. Based on Plaintiff's affidavit of indigence, the Court finds that Plaintiff qualifies for in forma pauperis status pursuant to 28 U.S.C. § 1915 and will direct that the Clerk of the Court file Plaintiff's Complaint. However, under § 1915, which governs proceedings filed in forma pauperis, the Court must examine the merits of the claims asserted and dismiss them if it determines that the action cannot or should not proceed. For the following reasons, the Court will dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff's Complaint alleges that in October 2013, various media entities and persons ("Defendants") received a request to broadcast a story featuring Plaintiff. Plaintiff contends that these Defendants then disregarded the truth and proceeded to run a false story about Plaintiff.

Specifically, Plaintiff pleads that Defendants video-recorded Plaintiff while Plaintiff was appearing in municipal court, and that Plaintiff expressly stated that he would only agree to participate if he could be fully and fairly interviewed.  Plaintiff contends that Defendants ignored his wishes and instead bombarded him with questions, and ultimately broadcast a television story that dubbed Plaintiff "the neighborhood nightmare" and a "serial suer."  Plaintiff accordingly sues the Defendants for slander, defamation, and other related torts.

Because Plaintiff proceeds pro se, the Court construes the pleadings liberally and holds them to a less stringent standard than those filed by attorneys.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  Even so, because Plaintiff proceeds in forma pauperis, the Court must review his Complaint pursuant to 28 U.S.C. § 1915(e) and dismiss the action if it determines that:

> (A) the allegation of poverty is untrue; or
>
> (B) the action or appeal –
>
>> (i)      is frivolous or malicious;
>>
>> (ii)     fails to state a claim on which relief may be granted; or
>>
>> (iii)    seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

To evaluate whether a complaint must be dismissed under § 1915(e)(2)(ii) for failure to state a claim on which relief can be granted, the Court must apply the same standard of review as

that for dismissing a complaint under Federal Rule of Civil Procedure 12(b)(6). <u>Grayson v.</u>

<u>Mayview State Hosp.</u>, 293 F.3d 103 (3d Cir. 2002).  To state a claim that survives a Rule

12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that

is plausible on its face." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007). "A claim

has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>,

556 U.S. 662, 678 (2009).  The Court will apply this standard to Plaintiff's claims.

It appears to the Court that it lacks federal subject matter jurisdiction over this action.

Plaintiff pleads numerous torts arising under state law, and he does not plead any federal causes

of action.  Plaintiff concludes his Complaint by cursorily adding language that jurisdiction exists

based on "the doctrine of diversity."  Yet nowhere in the Complaint does Plaintiff plead any facts

necessary to demonstrate the existence of complete diversity between Plaintiff and each and

every of the many named Defendants.  <u>See</u> 28 U.S.C. § 1332(a)(1); <u>Strawbridge v. Curtiss</u>, 3

Cranch 267, 2 L.Ed. 435 (1806).  Defendant fails to plead the residency or place of incorporation

of the Defendants, and he accordingly fails to satisfy the requirements of 28 U.S.C. § 1332.  The

Court secondarily notes that other deficiencies are also apparent in the pleadings.  Plaintiff's

chief allegation pertains to defamation, yet nowhere does Plaintiff articulate any actual facts that

pertain to reputational harm or damages as a result of Defendants' alleged conduct.  Plaintiff has

accordingly not pleaded facts giving rise to a plausible cause of action.

Plaintiff additionally seeks to have his IFP application sealed.  Plaintiff has not

demonstrated good cause in support of such an application.  <u>See</u> <u>Pansy v. Borough of</u>

<u>Stroudsburg</u>, 23 F.3d 772, 786-87 (3d Cir. 1994) ("Good cause is established on a showing that

disclosure will work a clearly defined and serious injury to the party seeking closure. The injury must be shown with specificity. Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not support a good cause showing. The burden of justifying the confidentiality of each and every document sought to be covered by a protective order remains on the party seeking the order.") (internal citations and quotation marks omitted); see also Local Civil Rule 5.3(c)(2) ("The motion papers shall describe (a) the nature of the materials or proceedings at issue, (b) the legitimate private or public interests which warrant the relief sought, (c) the clearly defined and serious injury that would result if the relief sought is not granted, and (d) why a less restrictive alternative to the relief sought is not available.").  The Court will accordingly deny this application.

The Court will dismiss Plaintiff's Complaint due to the jurisdictional and other defects in the pleadings.  The Court will dismiss the Complaint without prejudice.  An appropriate order will be filed.

  s/Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge

Dated: May 20, 2015